Asitimbay-Valente v. Blanche

BIA
London, IJ
A216 700 881/882

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand twenty-six.

PRESENT:
> **RAYMOND J. LOHIER, JR.,**
> *Chief Judge*,
> **ROBERT D. SACK,**
> **MYRNA PÉREZ,**
> *Circuit Judges.*

_____

JORGE ASITIMBAY-VALENTE, C.G.A.M.,
> *Petitioners*,

> v.                                                              **24-90**
>                                                                   **NAC**

TODD BLANCHE, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:**     Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Leslie McKay, Assistant Director; Gregory M. Kelch, Senior Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jorge Asitimbay-Valente and his minor child, natives and citizens of Ecuador, seek review of a December 7, 2023, decision of the BIA affirming an August 5, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jorge Asitimbay-Valente, et al.*, Nos. A216 700 881/882 (B.I.A. Dec. 7, 2023), *aff'g* Nos. A216 700 881/882 (Immigr. Ct. N.Y.C. Aug. 5, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review questions of law and application of law to fact *de novo* and factual findings for substantial evidence."

2

*KC v. Garland*, 108 F.4th 130, 134 (2d Cir. 2024). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ." 8 U.S.C. § 1252(b)(4)(B). An applicant for asylum and withholding of removal must establish either past persecution or a fear of future persecution and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."[1] 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. §§ 1208.13(b), 1208.16(b). The applicant must establish both the existence of a protected ground and that the ground was or is a central reason for the harm suffered or feared. *See Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014). As to CAT relief, an applicant has the burden to establish that he will "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).

Asitimbay-Valente alleged that gang members in Ecuador robbed him and the store he owned, demanded monthly payments, and beat him when he could

---

[1] Contrary to Asitimbay-Valente's argument in his brief, this "one central reason" standard applies to both asylum and withholding of removal. *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022).

not pay. He initially asserted that he was targeted as a member of the particular social group consisting of "Ecuadoran men who are targeted by organized criminals," which the IJ found insufficient. On appeal to the BIA, however, he referenced only a particular social group of "witnesses who openly report criminal activity," as he does in this present appeal.[2]

Here, Asitimbay-Valente does not meet his burden to overcome the agency's findings that the harm he suffered stemmed from general conditions of crime in Ecuador and was not on account of a protected ground, that he waived his second social group by not raising it before the IJ, and that he did not establish likely torture. His brief consists of conclusory statements without citation to legal authority or factual support in the record. Fed. R. App. P. 28(a) (requiring appellant to include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (finding a petitioner's "single conclusory sentence" insufficient to raise an argument). Indeed, outside of its CAT relief section, the brief submitted on this appeal is

---

[2] Michael Borja, who represented Asitimbay-Valente in his BIA appeal and here, did not represent him in the proceedings before the IJ.

4

identical to the one submitted to the BIA. And the brief on this appeal is virtually identical to briefs submitted in other appeals to this Court by Petitioner's counsel on behalf of other clients. *See, e.g.*, 2d Cir. 23-7768, Dkt. No. 17 (July 8, 2024 Br.); 2d Cir. 24-443, Dkt. No. 17 (Sep. 9, 2024 Br.). Given that the brief does not challenge the dispositive grounds for the agency's denial of relief for Petitioner, we conclude that Petitioner has abandoned his claims. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("'We consider abandoned any claims not adequately presented in an appellant's brief,' and an appellant's failure to make 'legal or factual arguments' constitutes abandonment." (quoting *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997))).

Even leaving abandonment aside, here we would find no error in the agency's decision. As to asylum and withholding of removal, the IJ found that Asitimbay-Valente did not allege that gang members were motivated by his membership in a particular social group, and instead found that he "fears general criminal conditions as a business owner." Cert. Admin. R. 46. Indeed, Asitimbay-Valente testified that the gangs stated they wanted money and that they were robbing his store. Cert. Admin. R. 70–74. Fear of "general crime conditions" is typically insufficient to establish a well-founded fear of persecution, *see Melgar de*

*Torres v. Reno*, 191 F. 3d 307, 313–14 (2d Cir. 1999), and likewise tends not to establish a particular social group, *see Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007). His argument here that a social group of "witnesses who openly report criminal activity" is cognizable is not consistent with the claim he raised before the IJ because he testified that he did not report his problems with the gang to the police. Cert. Admin. R. 76–77. And the record supports the agency's conclusion that Asitimbay-Valente did not establish eligibility for CAT relief because he did not establish that anyone was looking for him or explain why he would be a specific target if he returned. *See* 8 C.F.R. §§ 1208.16(c)(2)–(3), 1208.18(a)(1); *Garcia-Aranda v. Garland*, 53 F.4th 752, 759–60 (2d Cir. 2022) (requiring CAT applicant to show that torture is "more likely than not" and that there is "sufficient state action").

Counsel Michael Borja raises arguments that we have rejected in his prior cases. He again erroneously argues that the nexus requirement for withholding is less stringent than that for asylum. *See Quituizaca*, 52 F.4th 103 at 109–14; *see also, e.g.*, *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054, at *1 (2d Cir. Apr. 23, 2024) (summary order); *Guerrero-Andachz v. Bondi*, No. 23-7943, 2025 WL 2810831, at *1 & n.2 (2d Cir. Sep. 30, 2025) (summary order). He additionally asserts that

the agency erred in requiring him to demonstrate that the Ecuadorian government would "acquiesce" to torture. To the contrary, the regulations require a showing of acquiescence when the feared torture is by private actors, *see* 8 C.F.R. § 1208.18(a)(1), and we have rejected this unsupported argument in prior cases, *see, e.g.*, *Guerrero-Andachz*, 2025 WL 2810831, at \*2 n.5; *Aucacama-Azogue v. Bondi*, No. 23-7165, 2025 WL 2078445, at \*3 (2d Cir. July 24, 2025) (summary order); *Ortega-Garcia v. Bondi*, No. 23-7162, 2025 WL 2504616, at \*2 (2d Cir. Sep. 2, 2025) (summary order).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED. Given the defects in briefing by Petitioners' counsel, Michael Borja, a copy of this order will be forwarded to the Grievance Panel.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court